UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

REPORT AND RECOMMENDATION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Dave A. Fineday,

        Plaintiff,

vs.

State of Minnesota,
Govenor [sic] Tim Pawlenty,
County of Cass,
Randy Fisher, Sheriff of Cass County,
Judge Jay Mondry, and
Western Nation Bank,

        Defendants.              Civ. No. 05-1181 (JNE/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

I. Introduction

    This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Application of the Plaintiff Dave A. Fineday for leave to proceed in forma pauperis, ("IFP"). Docket No. 2. For the reasons which follow,

we recommend that the Plaintiff's IFP application be denied, and that the action be summarily dismissed.

## II.  Factual and Procedural Background

The Plaintiff identifies himself as "a native American Indian from the Leech [Lake] Reservation." Complaint, at p. 1. He is attempting to sue the State of Minnesota, the Governor of the State of Minnesota, Cass County, Minnesota, the Cass County Sheriff, a Minnesota State Court Judge, and a Bank. The Plaintiff contends that the Defendants conspired to deprive him of his Federal constitutional rights during the course of a State Court action that was litigated, in Cass County, in 2002 and 2003.

According to the Plaintiff's Complaint, and attached submissions, the Defendant Western National Bank ("the Bank") repossessed a car, which was owned by the Plaintiff, in late 2002 or early 2003. The Bank also brought an action in the Cass County District Court, seeking judicial approval of the repossession, as well as a deficiency Judgment in the amount of $7,500.00. The Plaintiff filed a Motion to Dismiss and a Counterclaim, alleging that the Bank could not legally repossess his car as long as it was located on the Reservation where he lived, and that the Cass County District Court lacked subject matter jurisdiction over the claims brought by the Bank.

The matter was heard before the Defendant Jay D. Mondry, who is a Cass County District Court Judge.

Judge Mondry found the Plaintiff's legal arguments to be without merit, and denied the Plaintiff's Motion to Dismiss. A Judgment was entered in favor of the Bank, and the Plaintiff's Counterclaim against the Bank was dismissed. The Judgment was accompanied by a memorandum prepared by Judge Mondry, which explained his rulings. See, <u>Attachment to the Complaint</u>.

In this action, the Plaintiff contends, once again, that the Cass County Court lacked jurisdiction over the repossession/deficiency action brought by the Bank. He further contends that the Judgment against him, in the earlier case, was predicated on "misleading evidence and falus [sic] testamony [sic]." The Plaintiff claims that the Judgment entered against him in that earlier State Court action deprived him of his rights to Due Process and Equal Protection, and he seeks to hold the Defendants liable for the alleged violations of his Federal constitutional rights. He also claims that, because of the Defendants' alleged "illegal acts," he has been under a doctor's care for the past nine months, and he has been treated with "medications such as xanex valium" for "depression, stress and anixity [sic]." Plaintiff is seeking damages from each of the Defendants, in amounts ranging from $1,000,000.00 to $50,000,000.00.

III. Discussion

Rule 12(h)(3), Federal Rules of Civil Procedure, requires that, "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."  "Subject matter jurisdiction * * * is a threshold requirement which must be assured in every federal case."  Turner v. Armontrout, 922 F.2d 492, 293 (8th Cir. 1991).

Here, we find that the requirement of Federal subject matter jurisdiction is not satisfied, because the Plaintiff is asking this Federal Court to enter a Judgment that would effectively overturn an earlier State Court Judgment -- namely, the Judgment entered in the repossession/deficiency action identified in the Complaint.  The Plaintiff's present challenges to that earlier State Court Judgment are barred by the Rooker-Feldman doctrine.

Our Court of Appeals has recently explained, as follows:

> The Rooker-Feldman doctrine recognizes that, with the exception of habeas corpus petitions, lower federal courts lack subject matter jurisdiction over challenges to state court judgments. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 * * * (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 * * * (1923).  Instead, federal jurisdiction to review most state court judgments is vested exclusively in the United States Supreme Court.  See 28 U.S.C. §1257; Feldman, 460 U.S.

- 4 -

> at 486 * * *.  Because the Rooker-Feldman rule is jurisdictional, it may be * * * raised sua sponte.  See Doctor's Associates, Inc. v. Distajo, 107 F.3d 126, 137 (2d Cir. 1997) [cert. denied, 522 U.S. 948 (1997)] * * *.
>
> The Rooker-Feldman doctrine forecloses not only straightforward appeals but also more indirect attempts by federal plaintiffs to undermine state court decisions.

Lemonds v. St. Louis County, 222 F.3d 488, 492-93 (8th Cir. 2000), cert. denied, 531 U.S. 1183 (2001).

In other words, Rooker-Feldman bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the [Federal] district court proceedings commenced and inviting district court review and rejection of those judgments."  Exxon Mobil Corp. v. Saudi Basic Industries Corporation, --- U.S. ---, 125 S.Ct. 1517, 1521-22 (2005); see also, In re Goetzman, 91 F.3d 1173, 1177 (8th Cir.) cert. denied, 519 U.S. 1042 (1996)("Under the Rooker-Feldman doctrine, lower federal courts lack jurisdiction to engage in appellate review of state court determinations.").

The Rooker-Feldman doctrine is clearly applicable here, since the Plaintiff obviously is requesting this Court to review and overturn the decision of the Cass County State Court in the earlier repossession/deficiency action.  The only Federal Court that could properly conduct that review, however, is the United States Supreme

Court.  With the exception of Habeas Corpus proceedings, Rooker-Feldman prohibits this Federal Court from re-examining rulings made by a Minnesota State Court, under the circumstances presented here.  Therefore, Rooker-Feldman bars us from entertaining the Plaintiff's present lawsuit.

Furthermore, the Rooker-Feldman doctrine holds that  "lower federal courts lack subject matter jurisdiction over challenges to state court judgments."  Lemonds v St. Louis County, supra at 492.  Since Rooker-Feldman is clearly applicable to this action, we are obligated to recommend that the Plaintiff's Complaint be dismissed for lack of subject matter jurisdiction.  Necessarily, it follows from that recommendation that the Plaintiff's IFP application must be denied, see Title 28 U.S.C. §1915 (e)(2)(B), as moot, and that his self-styled Motion, which asks the Court to "relax its rules," Docket No. 3, must also be denied.

NOW, THEREFORE, It is --

RECOMMENDED:

1. That the Plaintiff's "Application to Proceed Without Prepayment of Fees," [Docket No. 2], be denied.

2. That the Plaintiff's Motion asking the Court to "Relax Its Rules," [Docket No. 3], be denied.

3.      That the Plaintiff's Complaint be summarily dismissed for lack of subject matter jurisdiction pursuant to Rule 12(h)(3), Federal Rules of Civil Procedure.

Dated: July 5, 2005         s/Raymond L. Erickson
                            Raymond L. Erickson
                               UNITED STATES MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than July 22, 2005**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than July 22, 2005**, unless all interested parties

stipulate that the District Court is not required by Title 28 U.S.C. § 636 to review the transcript in order to resolve all of the objections made.